# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ROXBERRY, MICHELLE ROXBERRY, RANDY PERDUE, BRITT MANNING, TOM GRUTSCH, THOMAS LEE SMAWLEY, BOB JOHNSON, RENAE RIDDLE, and MAKENZIE SNYDER, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SNYDER'S-LANCE, INC., S-L ROUTES, LLC, and S-L DISTRIBUTION COMPANY, INC.,<br><br>　　　　Defendants. | CASE NO. 1:16-cv-02009-JEJ<br><br>Judge John E. Jones, III<br><br>Filed Electronically |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(F)**

# **TABLE OF CONTENTS**

I. <u>INTRODUCTION</u> ...................................................................................1

II. <u>PROCEDURAL HISTORY</u> ...................................................................2

III. <u>STATEMENT OF FACTS</u> .....................................................................2

    A. Plaintiffs' Allegations .....................................................................2
    B. The Distributor Agreements............................................................3

IV. <u>LEGAL ARGUMENT</u> ...........................................................................6

    A. Plaintiffs' Claim for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing Fails to State a Claim Upon Which Relief May be Granted Because Plaintiffs Are Not Parties to Any Agreements With Defendants. .....................................6
    B. Plaintiffs Cannot Sustain a Claim for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing Against Defendant SL Because it is Not a Party to the Distributor Agreements...........................................................................................8
    C. Plaintiffs' TCPA Claim Fails to State a Claim Upon Which Relief May Be Granted Because the Distributor Agreements Require Claims to be Brought Under Pennsylvania Law, Not Tennessee Law. ..................................................................................10
    D. The Court Should Strike the Jury Demand as to All Plaintiffs Under FRCP 12(f) Because the Plaintiffs Waived Their Right to a Jury Trial.......................................................................................11

V. <u>CONCLUSION</u>.......................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Allegheny Int'l*, Inc.,
   954 F.2d 167, 178 (3d Cir.1992) .................................................................... 10

*Am. Bell, Inc. v. Fed'n of Tel. Workers of Penn.*,
   736 F.2d 879 (3d Cir. 1984) ............................................................................ 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................ 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................ 6

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997) .......................................................................... 3

*Chanel Inc. v. Jupiter Grp., Inc.*,
   2006 WL 1793223 (M.D. Pa. June 27, 2006) .............................................. 7, 8

*Cottman Transmission Sys., LLC v. Kershner*,
   492 F. Supp. 2d 461 (E.D. Pa. 2007) ............................................................. 10

*Evans v. Otis Elevator Co.*,
   168 A.2d 573 (Pa. 1961) ............................................................................. 7, 8

*Gardner v. The Calvert*,
   253 F.2d 395 (3d Cir. 1958) ............................................................................ 7

*George A. Davis, Inc. v. Camp Trails Co.*,
   447 F. Supp. 1304 (E.D. Pa. 1978) .................................................................. 9

*Glazer v. Cambridge Indus., Inc.*,
   422 A.2d 642 (Pa. Super. 1980) ...................................................................... 7

*Nobers v. Crucible, Inc.*,
   602 F. Supp. 703 (W.D. Pa. 1985) .................................................................. 9

*Publicker Indus., Inc. v. Roman Ceramics Corp.*,
  603 F.2d 1065 (3d Cir. 1979) ..........................................................................9

*Regions Bank v. SoFHA Real Estate, Inc.*,
  2010 WL 3341869 (E.D. Tenn. Aug. 25, 2010) ................................................11

*Simpkins v. SunTrust Mortg., Inc.*,
  2012 WL 3095570 (E.D. Tenn. July 30, 2012) ................................................7, 8

*Tracinda Corp. v. DaimlerChrysler AG*,
  502 F.3d 212 (3d Cir. 2007) ............................................................................11

*U.S. v. Bestfoods*,
  524 U.S. 51 (1998) ............................................................................................9

*U.S. v. Pisani*,
  646 F.2d 83 (3d Cir. 1981) ................................................................................9

*United Nat'l Ins. Co. v. M. London, Inc.*,
  487 A.2d 385 (Pa. Super. 1985) ........................................................................8

*Viso v. Werner*,
  369 A.2d 1185 (Pa. 1977) ..................................................................................8

*Ware v. Rodale Press, Inc.*,
  322 F.3d 218 (3d Cir. 2003) ..............................................................................8

*Zubik v. Zubik*,
  384 F.2d 267 (3d Cir. 1967), *cert. denied*, 390 U.S. 988 (1968) ........................9

**Statutes**

FLSA § 3(r)(l) ..........................................................................................................9

Tennessee Consumer Protection Act ("TCPA") ..........................................1, 2, 10, 11

**Other Authorities**

FRCP 8(a)(2) ..........................................................................................................6

FRCP 12(b)(6) ..................................................................................................6, 12

FRCP 12(f) ......................................................................................................11, 12

## I.    INTRODUCTION

This case is centered around separate, stand-alone contracts, called "Distributor Agreements," entered into between Defendant S-L Distribution, Inc. (and in some instances, Defendant S-L Routes, LLC) and certain corporate entities called "Distributors."  Yet not one of the corporate Distributors are parties to this action, notwithstanding Defendants raising this issue in two prior Motions to Dismiss, and agreeing to allow Plaintiffs to file two Amended Complaints in response.  Rather, the case is brought by certain individuals, none of whom are parties to the Distributor Agreements at issue, and only some of whom have ownership interests in some of the corporate Distributors.

The corporate Distributors, not the Plaintiffs themselves, purchased routes and contracted to distribute Snyder's-Lance's and other snack products within a defined territory under individual "Distributor Agreements."  In their individual capacities, Plaintiffs each may have performed services for these corporate Distributors, but none of the Plaintiffs, as individuals, was a party to any Distributor Agreement with any Defendant.  In disregard of the Distributor Agreements, Plaintiffs now claim they were actually direct employees, not of the corporate Distributors for whom they may have performed services, but of Defendants S-L Distribution, Inc. ("Distribution"), Snyder's-Lance, Inc. ("SL") and S-L Routes, LLC ("Routes").  Plaintiffs, in their individual capacities, also assert a claim for breach of contract/breach of the covenant of good faith and fair dealing against Defendants Distribution, SL, and Routes.

Defendants move to dismiss Plaintiffs' breach of contract and breach of the covenant of good faith and fair dealing (Count III) claim because no Plaintiff was a party to the Distributor Agreements and, therefore, cannot assert this claim against Defendants as a matter of law.  Defendants also move to dismiss Plaintiffs' Tennessee Consumer Protection Act ("TCPA") claim (Count IV) because a

Pennsylvania choice of law provision in the Distributor Agreements bars Plaintiffs' TCPA claim.

Finally, Defendants move to strike Plaintiffs' jury demand because the Distributor Agreements expressly waive their right to a jury trial. *See, e.g.*, Ex. A., at 22, ¶ E.

## II. PROCEDURAL HISTORY

Plaintiffs initiated this action in the United States District Court for the Eastern District of Tennessee. (Dkt. 1.) Defendants filed a Motion to Transfer, or, in the Alternative, Dismiss and Strike various parts of Plaintiffs' original Complaint ("Original Motion to Dismiss"). (Dkt. 16.) The Original Motion to Dismiss raised a number of arguments raised here, and asked that the case be transferred to this Court because of a forum selection clause in the Distributor Agreements. Plaintiffs filed their First Amended Complaint ("FAC") (Dkt. 23), and stipulated to transfer this action to this Court. (Dkt. 25.) Plaintiffs' FAC was substantially similar to the original Complaint, and did not address many of the arguments Defendants raised in the Original Motion to Dismiss, which required Defendants to file a Motion to Dismiss the FAC (Dkt. 32–33). Plaintiffs then filed a Second Amended Complaint ("SAC") (Dkt. 54-1), which continues to fail to address many of the issues raised in Defendants' Motion to Dismiss the FAC. Thus, Defendants are now raising the arguments below for the third time.

## III. STATEMENT OF FACTS

### A. Plaintiffs' Allegations

Nine Plaintiffs, Michael Roxberry, Michelle Roxberry, Randy Perdue, Britt Manning, Tom Grutsch, Thomas Lee Smawley, Bob Johnson, Renae Riddle, and MaKenzie Snyder, allege they are current and former delivery drivers who delivered snack products. SAC, at 1, and ¶¶ 7–15. Plaintiffs allege they are

2

permitted to work only after signing a Distributor Agreement.  SAC, at ¶ 22.  The nine Distributor Agreements, referred to in the SAC, are attached as Exhibits A–I.[1]  For six of the nine Agreements, <u>the only Defendant who is a party[2] is Defendant Distribution.</u>  *See, e.g.,* Ex. A, at 1.  For the remaining three Agreements, the only Defendants who are parties are Distribution and Routes.  *See, e.g.,* Ex. B, at 1.  Defendant SL is not a party to <u>any</u> of the Distributor Agreements.  *See* Exs. A–I, at 1.

**B.    The Distributor Agreements**

In the SAC, Plaintiffs do not allege that they, as individuals, are parties to the Distributor Agreements.  Each of the nine Plaintiffs either signed a Distributor Agreement on behalf of, and as the sole member of, a corporate entity or limited liability company ("LLC") referred to as the Distributor, or the corporate entity or LLC, of which a Plaintiff had an ownership interest, was assigned a Distributor Agreement from another corporate entity or LLC, as follows:

- Plaintiff Bob Johnson signed a Distributor Agreement on December 4, 2011 on behalf of Bomar Distribution Inc.;

---

[1] The Court may consider the Distributor Agreements in ruling on this Motion without converting the Motion to a motion for summary judgment because the Court may consider documents that are referred to in the pleadings and are integral to the claims.  *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997) (document integral to or explicitly relied upon in the complaint may be considered without converting a motion to dismiss into one for summary judgment).  Plaintiffs repeatedly refer to, cite to, and rely upon the Distributor Agreements as a basis for their causes of action.  *See, e.g.*, SAC, ¶¶ 22, 35 (a)–(l).

[2] The companies associated with six plaintiffs, Michael Roxberry, Michelle Roxberry, Manning, Smawley, Snyder, and Riddle, are parties to, or operate under, Distributor Agreements naming only Defendant Distribution.  The companies associated with three plaintiffs, Grutsch, Johnson, and Perdue, are parties to Distributor Agreements naming Defendants Distribution and Routes.

- Plaintiff Randy Perdue signed a Distributor Agreement on December 4, 2011, on behalf of R. Perdue Enterprises;
- Plaintiff Tom Grutsch signed a Distributor Agreement on February 19, 2012, on behalf of Snacks 2U Marketing LLC;
- Plaintiff Makenzie Snyder signed a Distributor Agreement on March 10, 2013, on behalf of M & A Vending LLC;
- Plaintiff Renae Riddle signed a Distributor Agreement on August 24, 2014, on behalf of S & R Vending LLC;
- Plaintiff Britt Manning signed a Distributor Agreement on December 28, 2014, on behalf of B & A Distributing LLC;
- Plaintiff Thomas Lee Smawley signed a Distributor Agreement on May 17, 2015, on behalf of Lee Smawley Enterprises.

*See* Exs. A–I, at 26.

Plaintiff Michael Roxberry did not sign a Distributor Agreement. He was the Sole Member of Whitlock Vending, LLC, and Whitlock Vending was assigned a Distributor Agreement on March 31, 2015.[3] Ex. A-1, at 1. Plaintiff Michelle Roxberry is one of two members of Stack of Snacks 2 LLC (*see* Ex. I-A, at 14), which has a Distributor Agreement with Defendant Distribution, which was signed

---

[3] Michael Roxberry, through Whitlock Vending, allegedly began performing services pursuant to a Distributor Agreement in February 2014, but he did not become the owner of Whitlock Vending's rights under any Distributor Agreement until the execution of the Assignment Agreement more than a year later on March 31, 2015. SAC, ¶ 7; Ex. A-1, at 1. There is no allegation in the SAC as to how Distribution knew or should have known of any services Michael Roxberry allegedly performed before March 2015. Defendants raised this issue in their Original and Second Motions to Dismiss, which were rendered moot by the filing of the SAC. However, this was not addressed in the SAC.

by Beverly Waddington Cuff, the other member of Stack of Snacks 2 LLC, on August 10, 2014. Ex. I, at 1.

Pursuant to the Distributor Agreements:

- Defendant Distribution (and Defendant Routes in three of the nine Agreements) sold to a corporate Distributor the right to distribute and sell certain products sold by Defendant Distribution, and the corporate Distributor maintained the right to engage in other business, including the selling and distributing of other products for other companies. *See, e.g.*, Ex. A, at 3, ¶ F.
- The corporate Distributor had the right to use its own "employees" "needed to perform its obligations and services" under the Distributor Agreements. *See*, *e.g.*, Ex. A, at 3, ¶ D.
- There is an independent contractor relationship between Defendant Distribution and the corporate Distributor (e.g., "the parties intend to, and do, create an independent contractor relationship between them."). *See, e.g.*, Ex. A, at 2, ¶ A.
- The corporate Distributor agreed to control the manner, means, and methods by which it achieves results and controls scheduling, how the work is done, vehicles and other equipment necessary for the work, and whether or not to hire its own employees to assist with its businesses. *See, e.g.* Ex. A at 3, ¶ D.
- Pennsylvania law applies to all claims arising therefrom. *See, e.g.*, Ex. A, at 23, ¶ M.

The Distributor Agreements also contain a waiver of a jury trial:

> THE PARTIES HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT EITHER OF THEM MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY DISPUTE OR

LITIGATION BASED ON THIS AGREEMENT OR THE TERRITORY OR ARISING OUT OF THIS AGREEMENT OR ANY ACTS, OMISSIONS, TRANSACTIONS OR COURSE OF DEALING HEREUNDER.

*See, e.g.*, Ex. A, at 22, ¶ E.

## IV.  LEGAL ARGUMENT

The court may dismiss an action, or any cause of action therein, under FRCP 12(b)(6) where a plaintiff has failed to state a claim upon which relief may be granted.  A complaint, or any cause of action therein, may also be dismissed if there are insufficient facts alleged under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To determine whether a pleading alleges sufficient facts, courts look to FRCP 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  A plaintiff is required to plead facts that make the claim plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  A claim is not plausible unless the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

**A.     Plaintiffs' Claim for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing Fails to State a Claim Upon Which Relief May be Granted Because Plaintiffs Are Not Parties to Any Agreements With Defendants.**

Plaintiffs, in their individual capacities, have brought claims for breach of contract and breach of covenant of good faith and fair dealing (Count III) based on alleged breach of the Distributor Agreements.  SAC ¶¶ 7–15.  This claim fails, however, because Plaintiffs, as individuals, are not parties to the Distributor Agreements and thus cannot state claims premised upon them.  In fact, the Distributor Agreements make clear that <u>none</u> of the Plaintiffs are parties to the

Distributor Agreements.  *See* Ex. A–I, at 1 (naming Whitlock Vending, LLC, Stack of Snacks 2 LLC, Snacks 2U Marketing, LLC, B & A Distributing, LLC, S & R Vending, LLC, Lee Smawley Enterprises, Inc., M & A Vending, LLC, R Perdue Enterprises, Inc., and Bomar Distribution, Inc. as parties to the agreements, not individual Plaintiffs).  As such, as a matter of law, Plaintiffs simply cannot assert a claim for breach of contract and breach of the covenant of good faith and fair dealing against Defendants and those claims should, therefore, be dismissed with prejudice.  *Evans v. Otis Elevator Co.*, 168 A.2d 573, 575 (Pa. 1961) (parties to a contract are not liable to non-parties for breach); *Chanel Inc. v. Jupiter Grp., Inc.*, No. CIVA 3:04CV01540, 2006 WL 1793223, at *6 (M.D. Pa. June 27, 2006) ("Pennsylvania does not recognize a claim for breach of [the] covenant of good faith and fair dealing as an independent cause of action."); *Simpkins v. SunTrust Mortg., Inc.*, No. 3:11-CV-595, 2012 WL 3095570, at *4 (E.D. Tenn. July 30, 2012) (breach of covenant of good faith and fair dealing claim may not stand independent of a contract claim) (quotations omitted).

    The only parties to the Distributor Agreements are corporate entities—Defendant Distribution (and Defendant Routes, in three Agreements) and other corporate entities, listed in Section III.B above, i.e. the corporate Distributors.  To the extent a Plaintiff signed the Distributor Agreement, he/she signed it on behalf of a corporation or LLC, and that is not enough to make the individual Plaintiff a party to the Agreement.  Indeed, there is a presumption that a corporation or an LLC is a distinct legal entity, wholly separate and apart from its shareholders, officers, directors, or affiliate corporations, and only in exceptional instances may the separate corporate identity be disregarded.  *Gardner v. The Calvert*, 253 F.2d 395, 398 (3d Cir. 1958) (citations omitted).

    Likewise, sole members of corporations and their corporate entities are not one and the same.  *See Glazer v. Cambridge Indus., Inc.*, 422 A.2d 642, 644 (Pa.

7

Super. 1980) ("[T]he fact that one person owns all [of a corporation's] stock does not make him and the corporation one and the same."). That a Plaintiff may be the sole member of a corporation alone is insufficient to establish that he/she was a party to the Distributor Agreements. *See United Nat'l Ins. Co. v. M. London, Inc.*, 487 A.2d 385, 391–92 (Pa. Super. 1985) (rejecting attempt by sole member of corporation to join his corporate entity to an action he brought as an individual where there was no relationship between the corporate entity and the action); *Evans*, 168 A.2d at 575.

Moreover, as set forth above, a claim for breach of the covenant of good faith and fair dealing does not exist as an independent cause of action without an underlying contract claim. *Chanel*, 2006 WL 1793223, at *6; *Simpkins*, 2012 WL 3095570, at *4. Here, because Plaintiffs' breach of contract claim fails as a matter of law, Plaintiffs' breach of the covenant of good faith and fair dealing claim also fails.

For these reasons, Plaintiff's Third Count for breach of contract and breach of the covenant of good faith and fair dealing fails to state a claim upon which relief may be granted and should be dismissed without leave to amend.

**B.** **Plaintiffs Cannot Sustain a Claim for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing Against Defendant SL Because it is Not a Party to the Distributor Agreements.**

To allege a claim for breach of contract, Plaintiffs must allege, *inter alia*, the existence of an enforceable contract. *See Ware v. Rodale Press, Inc.,* 322 F.3d 218, 225 (3d Cir. 2003) (quoting *CoreStates Bank, N.A. v. Cutillo,* 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)). Courts routinely grant motions to dismiss where contract claims are brought against a defendant who is not a party to the contract at issue. *See, e.g.*, *Viso v. Werner*, 369 A.2d 1185, 1187 (Pa. 1977) (non-party cannot be liable for breach). Here, Defendant SL is *not* a party to any of the Distribution

8

Agreements at issue.  *See, e.g.*, Ex. A., at 1, Ex. B, at 1.  As such, Plaintiffs cannot sustain a breach of contract/breach of the covenant of good faith and fair dealing claim against Defendant SL.

It is not enough for Plaintiffs to allege that Distribution, S-L, and Routes are related as parent-subsidiary corporations or that they are a "single enterprise" under Section 3(r)(l) of the FLSA.  "It is a general principle of corporate law … that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries. . ." *U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998).  Where Plaintiffs have alleged a parent-subsidiary relationship, a parent company is not liable for contractual obligations of a wholly owned subsidiary.  *George A. Davis, Inc. v. Camp Trails Co.*, 447 F. Supp. 1304, 1307 (E.D. Pa. 1978).  Such liability can only occur by application of the "alter ego" theory to pierce the corporate veil.  *Publicker Indus., Inc. v. Roman Ceramics Corp.*, 603 F.2d 1065, 1069 (3d Cir. 1979).  The veil should only be pierced "when the court must prevent fraud, illegality, or injustice, or when recognition of the corporate entity would defeat public policy or shield someone from liability for a crime."  *Zubik v. Zubik*, 384 F.2d 267, 272 (3d Cir. 1967), *cert. denied*, 390 U.S. 988 (1968).[4]  Plaintiffs allege no facts to support the application of the "alter ego" theory to pierce the corporate veil.

---

[4] The Third Circuit has enunciated factors to consider in determining whether to pierce the corporate veil:  failure to observe corporate formalities, non-payment of dividends, the insolvency of the debtor corporation at the time, siphoning of funds of the corporation by the dominant stockholder, nonfunctioning of other officers or directors, absence of corporate records, and the fact that the corporation is merely a facade for the operations of the dominant stockholder or stockholders.  *U.S. v. Pisani*, 646 F.2d 83, 88 (3d Cir. 1981).  These requirements are "demanding" and require "specific, unusual circumstances." *Am. Bell, Inc. v. Fed'n of Tel. Workers of Penn.*, 736 F.2d 879, 886 (3d Cir. 1984).  Plaintiffs have not alleged any conduct suggesting piercing the corporate veil is appropriate.  *See Nobers v. Crucible, Inc.*,

Accordingly, even if the Court declines to dismiss Plaintiffs' breach of contract and breach of the covenant of the good faith and fair dealing claim with respect to all Defendants, it should dismiss this claim with respect to Defendant SL, which is not a party to any of the Distribution Agreements at issue.

**C. Plaintiffs' TCPA Claim Fails to State a Claim Upon Which Relief May Be Granted Because the Distributor Agreements Require Claims to be Brought Under Pennsylvania Law, Not Tennessee Law.**

Where the parties to a contract effectively choose the law of one state to govern the contract, that choice should control. *See In re Allegheny Int'l*, Inc., 954 F.2d 167, 178 (3d Cir.1992). Further, it is well established that a claim under an out-of-state consumer protection statute may not be asserted when the parties have contractually agreed that Pennsylvania law applies to their relationship. *See Cottman Transmission Sys., LLC v. Kershner*, 492 F. Supp. 2d 461, 472 (E.D. Pa. 2007). In *Cottman*, the Court held that franchisees-plaintiffs were not permitted to amend their complaint to add claims under non-Pennsylvania consumer protection acts because their agreements with the franchisor-defendant contained a choice of law provision that provided that Pennsylvania law applies. *Cottman*, 492 F. Supp. 2d at 472.

Similarly here, the Distributor Agreements contain a choice of law provision expressly providing that Pennsylvania law will apply to all disputes arising from the Agreements or between the parties. *See, e.g.*, Ex. A, at 23, ¶ M ("The validity, interpretation and performance of this Agreement, and any disputes or claims which arise between the parties, shall be governed by, subject to, and construed in

---

602 F. Supp. 703, 706–07 (W.D. Pa. 1985) (declining to treat parent and subsidiary as one entity where plaintiffs failed to allege any of the preceding factors were present).

accordance with, the laws of the Commonwealth of Pennsylvania without giving effect to its conflict of law or choice of law provisions."). Plaintiffs have premised their TCPA claims on alleged violations of the terms of the Distribution Agreements. *See, e.g.* SAC, ¶ 104 ("Defendants have further violated particular subsections of [the TCPA] by making Plaintiffs and putative class members sign Distributor Agreements which illegally and deceptively classified them as independent contractors and by making improper and illegal deductions from the individual Plaintiffs and putative class members' pay pursuant to said Distributor Agreements."). Because the choice of law provision in the Distributor Agreements names Pennsylvania law, the Plaintiffs are thus barred from asserting their Tennessee law TCPA claim, which is premised on the Distributor Agreements, against Defendants.[5]

**D.    The Court Should Strike the Jury Demand as to All Plaintiffs Under FRCP 12(f) Because the Plaintiffs Waived Their Right to a Jury Trial.**

Parties may waive their right to a jury trial by prior written agreement. *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007) (citing *Commodity Futures Trade Comm'n v. Schor,* 478 U.S. 833, 848–849 (1986)). Here, the SAC contains a demand for a jury trial. SAC, ¶ 107. The Distributor Agreements at issue, however, expressly waives the right to jury trial:

---

[5] To the extent Plaintiffs argue that the TCPA itself prevents applying the Pennsylvania choice-of-law provision in the Distributor Agreements to their TCPA claim, courts considering the same issue have dismissed TCPA claims where the parties have clearly agreed that disputes will be governed by another state's law. *See Regions Bank v. SoFHA Real Estate, Inc.*, No: 2:09-CV-57, 2010 WL 3341869, at *9 (E.D. Tenn. Aug. 25, 2010) (dismissing TCPA claims where a contract between the parties named New York law as the governing law, but plaintiffs brought TCPA claims under Tennessee law and failed to plead similar New York claims).

THE PARTIES HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT EITHER OF THEM MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY DISPUTE OR LITIGATION BASED ON THIS AGREEMENT OR THE TERRITORY OR ARISING OUT OF THIS AGREEMENT OR ANY ACTS, OMISSIONS, TRANSACTIONS OR COURSE OF DEALING HEREUNDER.

*See, e.g.*, Ex. A., at 22, ¶ E.

As such, Defendants move to strike the jury demand pursuant to FRCP 12(f).

## V. CONCLUSION

For the foregoing reasons, Defendants request that this Court:

- **Dismiss** (pursuant to FRCP 12(b)(6))
    - Count III against all Defendants; **and**
    - Count IV against all Defendants; **and**
- **Strike** the Jury Demand (pursuant to FRCP 12(f)).

Submitted this 7th day of December, 2016.

By: s/ Joan B. Tucker Fife

Adam M. Shienvold
ECKERT SEAMANS CHERIN & MELLOTT LLC
213 Market Street, 8th Floor
Harrisburg, PA 17101
Telephone: (727) 237-6000

Joel L. Lennen
ECKERT SEAMANS CHERIN & MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Telephone: (412) 566-6197

                                                              _____

*Of Counsel*
Joan B. Tucker Fife
WINSTON & STRAWN, LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000

*Of Counsel*
Olivia Tran
WINSTON & STRAWN, LLP
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071
Telephone: (213) 615-1700

Counsel for Defendants
SNYDER'S-LANCE, INC.,
S-L ROUTES, LLC, AND
S-L DISTRIBUTION COMPANY,
INC.

## CERTIFICATE OF WORD COUNT

The foregoing Memorandum consists of 4047 words as counted by the Microsoft Word word processing program used to prepare it.

Submitted this 7th day of December, 2016.

By: s/ Joan B. Tucker Fife
Adam M. Shienvold
ECKERT SEAMANS CHERIN & MELLOTT LLC
213 Market Street, 8th Floor
Harrisburg, PA 17101
Telephone: (727) 237-6000

Joel L. Lennen
ECKERT SEAMANS CHERIN & MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Telephone: (412) 566-6197

*Of Counsel*
Joan B. Tucker Fife
WINSTON & STRAWN, LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000

*Of Counsel*
Olivia Tran
WINSTON & STRAWN, LLP
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071
Telephone: (213) 615-1700

Counsel for Defendants

               SNYDER'S-LANCE, INC.,
               S-L ROUTES, LLC, AND
               S-L DISTRIBUTION COMPANY,
               INC.

# **CERTIFICATE OF SERVICE**

I certify that on the 7th day of December, 2016, I delivered a copy of the foregoing MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(F) upon the person(s) and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure.

<u>By Electronic Filing</u>

J. Keith Coates, Jr.
Woolf, McClane, Bright, Allen & Carpenter, PLLC
P. O. Box 900
Knoxville, TN 37901-0900

Peter D. Winebrake
Winebrake & Santillo, LLC
Twining Office Center
Suite 211
715 Twining Rd
Dresher, PA 19025

<u>s/Bennett J. Kaspar</u>
Bennett J. Kaspar