IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ROXBERRY, et al., | : |
| Plaintiffs, | : 1:16-cv-02009-JEJ |
| v. | : |
| SNYDERS-LANCE, INC., et al., | : |
| Defendants. | : |

## ORDER

**AND NOW**, this 15th day of November, 2017, upon consideration of Plaintiff's "Unopposed Motion for Approval of the Class/Collective Action Settlement and Related Relief" ("Motion"), see Doc. 162, the accompanying settlement agreement, see Doc. 162-2, the accompanying Declarations of Mark Patton, R. Andrew Santillo, and J. Keith Coates, see Docs. 162-3-5, the objections of Ziad Abuziad and Christopher Scott Gouge, see Doc. 162-3 at Ex. B, the exclusion request of Richard E. Swartz, see Doc. 162-3 at Ex. A, the brief filed by class counsel, see Doc. 163, the Supplemental Updated List of Class/Collective Members ("Updated List"), see Doc. 165-1, the presentations of all parties' counsel during the November 15, 2017 fairness hearing, and all other papers and proceedings herein, it is hereby **ORDERED** that:

1. The Motion is **GRANTED.**

1

2. The Court certifies, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), a class comprised of the 101 individuals identified on the Updated List (Doc. 165-1) as "Tennessee IBOs." With respect to these individuals, the Court finds that each of Rule 23(a)'s requirements – numerosity, commonality, typicality, and adequacy of representation – are satisfied. Furthermore, the Court finds, pursuant to Rule 23(b)(3), that common questions of law or fact "predominate over any questions affecting only individual members" and "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

3. The Court certifies, pursuant to 29 U.S.C. § 216(b), a Fair Labor Standards Act ("FLSA") collective comprised of the 110 individuals identified on the Updated List (Doc. 165-1) as "FLSA Opt-Ins." The Court finds that these individuals are "similarly situated" upon consideration of various factors, including: whether the individuals have been employed in the same corporate department, division, and location; whether they advance similar claims; whether they seek substantially the same relief; and whether they have similar salaries and circumstances of employment. See Zavala v. Wal Mart Stores, Inc., 691 F.3d 527, 536-37 (3d Cir. 2012).

4. The settlement requires Defendants to make a maximum payment of $1,600,000.00 to be distributed as follows: (a) up to $615,330.00 to be paid to the

class/collective members who have not excluded themselves from the settlement;[1] (b) $171,000.00 in service awards to be equally divided among the 9 plaintiffs; (c) up to $255,000.00 to be paid to up to 84 IBOs (covering 85 routes) who currently work for S-L and return a Dispute Resolution Response Form; (d) $525,000.00 in attorney's fees to be paid to class counsel; and (e) $33,670.00 in expenses will be paid to class counsel. As a general matter, the settlement is entitled to a presumption of fairness because, *inter alia*, (a) the negotiations occurred at arms length; (b) there was sufficient discovery; (c) the proponents of the settlement are experienced in similar litigation; and (d) only a small fraction of the class (2 out of 200) objected. In re. NFL Players Concussion Injury Litig., 821 F.3d 410, 436 (3d Cir. 2016); In re: Cendant Corp. Litig., 264 F.3d 201, 232 n. 18 (3d Cir. 2001).

5. The payment of up to $870,330.00 ($615,330.00 + $255,000.00) for the class/collective members who have not excluded themselves from the settlement is **APPROVED** as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e) and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* In this regard, consideration of the following factors – as described in Girsh v. Jepson, 521 F.2d 153 (3d Cir. 1975); In re: Prudential Insurance Co. America Sales Practice Litig., 148 F.3d 283, 311 (3d Cir. 1998); and In re Baby Products

---

[1] Class Counsel has reported that Richard E. Swartz – the only individual to exclude himself from the settlement – stood to recover a settlement payment of only $127.79. Thus, $615,202.21 of the $615,330.00 will be paid to the class/collective members.

Antitrust Litig., 708 F.3d 163 (3d Cir. 2013) – weigh in favor of approval: (a) the complexity, expense and likely duration of the litigation; (b) the reaction of the class to the settlement; (c) the stage of the proceeding and the amount of the discovery completed; (d) the risks of establishing liability; (e) the risks of establishing damages; (f) the risks of maintaining the class action through trial; (g) the range of reasonableness of the settlement fund in light of the best possible recovery; (h) the range of reasonableness of the settlement fund in light of all the attendant risks of litigation; (i) the maturity of the underlying substantive issues; (j) the existence and probable outcome of claims by other classes and subclasses; and (k) the degree of direct benefit provided to the class.

6. The $19,000.00 service awards to each of the 9 Plaintiffs (totaling $171,000.00) are **APPROVED**. Similar service awards have been awarded in other wage and hour class actions in this Court, see Tavares v. S-L Distribution Co., Inc., 2016 U.S. Dist. LEXIS 57689, *35-38 (M.D. Pa. May 2, 2016) ($15,000.00); Creed v. Benco Dental Supply Co., 2013 U.S. Dist. LEXIS 178553, *19-20 (M.D. Pa. Sept. 17, 2013) ($15,000.00), and elsewhere, see Flores v. Anjost Corp., 2014 U.S. Dist. LEXIS 11026, *27 (S.D.N.Y. Jan. 29, 2014) ($25,000.00); In re Janney Montgomery Scott LLC Financial Consultant Litigation, 2009 U.S. Dist. LEXIS 60790, *35-37 (E.D. Pa. July 16, 2009) ($20,000.00); Wright v. Stern, 553 F. Supp. 2d 337, 342 (S.D.N.Y. 2008)

($50,000.00); Godshall v. Franklin Mint Co., 2004 U.S. Dist. LEXIS 23976, *19-21 (E.D. Pa. Dec. 1, 2004) ($20,000.00). As explained by Class Counsel at the Fairness Hearing the Plaintiffs have diligently pursued this litigation on behalf of the class/collective and, furthermore, have enhanced litigation positions due to their inclusion in both the Rule 23 class and the FLSA collective.

7.      The Court **APPROVES**, pursuant to Federal Rule of Civil Procedure 23(h), the requested payment to Class Counsel of $525,000.00 in attorney's fees and $33,670.00 in litigation expenses. Class Counsel has demonstrated that the requested $33,670.00 in litigation expenses – which includes $13,000.00 to be paid to the third-party settlement administrator – were reasonable and necessary to the pursuit of this litigation and the administration of the settlement. Moreover, approval of the requested attorney's fee of $525,000.00 – which constitutes 32.81% of the total $1,600,000.00 settlement fund and, according to Class Counsel, results in a "negative" lodestar multiplier under the hourly rates described in the rate schedule published by the Community Legal Services of Philadelphia – is supported by the ten "Gunter/Prudential" factors described in In re Diet Drugs, 582 F.3d 524, 541 (3d Cir. 2009): (a) the size of the fund created and the number of persons benefited; (b) the absence of objections by members of the class; (c) the skill and efficiency of the attorneys involved; (d) the complexity and duration of the litigation; (e) the risk of nonpayment; (f) the amount of time devoted to the

case by plaintiffs' counsel; (g) fee awards in similar cases; (h) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations; (i) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained; and (j) any innovative terms of the settlement.

8. The settling parties must carry out the settlement in accordance with the terms of the Settlement Agreement.

9. This action is **DISMISSED WITH PREJUDICE**, although the Court will retain jurisdiction over the interpretation, enforcement, and implementation of the Settlement Agreement and this Order.

                                          **SO ORDERED:**

                                          Honorable John E. Jones III